UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE DIONNE,

       Plaintiff,

v.

GREEN TREE SERVICING, LLC,
JASON DIONNE, and GREEN TIMBERS
ESTATES CONDOMINIUM ASS'N,

       Defendants.
       _____/

File No. 1:14-CV-993

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendant Green Tree Servicing's motion to dismiss Plaintiff's complaint (ECF No. 1). (ECF No. 6) On November 4, 2014, the Court issued an order requiring Plaintiff, if she intended to file a response, to do so by November 10, 2012, as an attachment to a motion to allow late filing. (ECF No. 8) Plaintiff has failed to file a response, so in accordance with that order, the Court will decide the merits of the motion to dismiss without waiting for further briefing. For the reasons that follow, Defendant's motion will be granted.

I.

On July 29, 2005, Plaintiff and a co-borrower executed a mortgage loan for $ 282,150 with Exchange Financial Corporation ("Exchange"). (ECF No. 1, Ex. A. Compl.) To secure repayment of the loan, Plaintiff and her co-borrower granted a mortgage to Mortgage Electronic Registration Services ("MERS") and its successors and assigns on the real

property located at 2088 Green Timbers NE, Comstock Park, Michigan, 49321 ("Property"). (*Id.*) On September 19, 2013, MERS assigned the mortgage to Defendant Green Tree Servicing, LLC ("Green Tree"). This assignment was recorded in the Kent County Records on September 27, 2013. (*Id.*)

Plaintiff allegedly defaulted in repayment of the loan and Green Tree initiated foreclosure proceedings. (*Id.*) Green Tree published notice of sale for four consecutive weeks beginning January 29, 2014 and posted notice of sale on the property on February 6, 2014. (ECF No. 7, Ex. B.) A sheriff's sale was held on February 26, 2014, and Green Tree purchased the property for $250,750. (*Id.*) Six months later, on August 26, 2014, the redemption period expired. (*Id.*)

Two days prior to the expiration of the redemption period, Plaintiff filed an action in state court seeking to rescind the foreclosure sale, void the mortgage contract, and recover damages. (ECF No. 1, Ex. A.) On August 25, 2014, Plaintiff obtained an Ex Parte Temporary Restraining Order to Stay Redemption of the Sheriff's Deed. (ECF No. 1.) The Kent County Circuit Court issued a preliminary injunction, which was subsequently vacated on September 19, 2014. (*Id.*) Defendant removed the case to federal court on September 22, 2014. (*Id.*)

**II.**

Plaintiff's complaint raises four claims: (1) wrongful foreclosure; (2) breach of contract; (3) fraudulent misrepresentation; and (4) violation of the Real Estate Settlement Procedures Act ("RESPA"). Defendant moves for dismissal because Plaintiff lacks standing

and has failed to state a claim on which relief may be granted.

Defendant argues that Plaintiff lost standing to bring her claim by failing to redeem the property within the applicable time under *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482 (Mich. Ct. App. 2014). The Court agrees.

*Bryan* establishes that, under Michigan law, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all of the mortgagor's rights in and to the property are extinguished." *Id.* at 485 (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514 (Mich. 1942). *See* Mich. Comp. Laws § 600.3286. Absent a "clear showing of fraud, or irregularity" in the foreclosure proceedings, plaintiff has no standing to challenge the sale. *Bryan*, 848 N.W.2d at 485 (citations omitted.) *See also Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359–60 (6th Cir. 2013).

With no response to Defendant's motion to dismiss, the Court is left to construe Plaintiff's allegations in her complaint as her support for a showing of fraud or irregularity. Plaintiff has alleged Defendant engaged in fraudulent misrepresentations when it said it would consider her loan modification requests, but Defendant did not consider the requests and sent her misleading and confusing documentation. (ECF No. 1, Ex. A, Compl.) However, plaintiff has not alleged with any particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Moreover, any fraud in the negotiation of a loan modification is an insufficient basis to establish standing. *Conlin*, 714 F.3d at 360 ("It is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure

3

proceeding itself.") (internal quotation marks and citations omitted).

Plaintiff has alleged irregularity in that Defendant failed to comply with the notice requirements of Michigan's foreclosure-by-advertisement statute, Mich. Comp. Laws 600.3201 *et seq*. According to *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012), failure to comply with those conditions is not actionable unless Plaintiff can show she was prejudiced by Defendant's failure. *Conlin*, 715 F.3d at 361–62. Plaintiff has not demonstrated what prejudicial effect non-compliance wrought. Even if her assertions that Defendant failed to give her appropriate notice of the foreclosure sale were true, she has offered no evidence that it interfered with her ability to exercise her redemption rights, nor has she shown that she would have been in a better position to keep her property absent the posting defect. *See Conlin*, 714 F.3d at 362.

### III.

Plaintiff has failed to make a clear showing of fraud or irregularity in the foreclosure process. Therefore, as the statutory redemption period has lapsed, Plaintiff no longer retains an interest in the property that gives her standing to sue. Because Plaintiff lacks standing to bring her claims against any of the named Defendants, the Court need not address other issues in Defendant's motion. Accordingly, the Court grants Defendant's Motion to Dismiss and will enter an order of judgment in favor of Defendants.

Dated: November 21, 2014                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE